FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Nov 20, 2018

OFFICE OF THE CLERK

## UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. __18-4157__ |
| CHARLES DAVIS, JR., a/k/a CHUCK DAVIS; DAVIS PECANS, LLC; CHUCK DAVIS FARMS, LLC; and MUD CREEK LAND COMPANY, LLC. | ) ) ) ) | |
| Defendants. | ) ) | |

---

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Southern Farm Bureau Casualty Insurance Company ("Farm Bureau") files this Complaint seeking a declaration of the rights and obligations of the parties under a contract of insurance Farm Bureau entered into with Defendant Charles Davis, Jr.

### THE PARTIES

1.      Plaintiff Farm Bureau is a Mississippi corporation with its principal place of business in Little Rock, Pulaski County, Arkansas.

2.      Defendant Charles Davis, Jr. is a resident of the Ashdown, Miller County, Arkansas.

3.    Defendant Davis Pecans, LLC ("Davis Pecans"), is an Arkansas limited liability company with its principal place of business in Ashdown, Miller County, Arkansas.

4.    Defendant Chuck Davis Farms, LLC ("Davis Farms"), is an Arkansas limited liability company with its principal place of business in Ashdown, Miller County, Arkansas.

5.    Defendant Mud Creek Land Company, LLC ("Mud Creek"), is a Texas limited liability company with its principal place of business in Texarkana, Bowie County, Texas.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.  Complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.

7.    Venue in this Court is appropriate pursuant to 28 U.S.C. §1391. Separate Defendants Davis Pecans and Davis Farms are subject to personal jurisdiction here. The insurance policy upon which Plaintiff brings this action was issued to an Arkansas company in Arkansas. As set forth further herein, Mud Creek Land Company, a Texas company, and Davis Pecans entered into a lease agreement, which provides the basis of the underlying claim that is at issue in this Complaint for Declaratory Relief.

## NATURE OF THIS ACTION

8.    This is an action for declaratory relief pursuant to 28 U.S.C. §2201 for determining issues of actual controversy between the parties.

9.    Farm Bureau brings this action seeking a declaration of the rights and obligations of the parties under a policy of insurance (the "Policy").  A certified copy of the Policy and declaration page is attached hereto as Exhibit A.

10.    Defendants Davis Pecans and Davis Farms has claimed that it is entitled to a defense and indemnity from Farm Bureau for an underlying action which has been brought

against it by Mud Creek Farms in the United States District Court for the Eastern District of Texas, Case No. 5:18-cv-118 (the "Underlying Lawsuit").

11.     The plaintiff in the Underlying Lawsuit alleges that it entered into a lease agreement with Davis Pecans for the lease of property located in Bowie County, Texas.

12.     The lawsuit further alleges that on or about September 19, 2016, the Mud Creek's pecan orchard, located at said property in Bowie County, Texas, was damaged by a drift or overspray of chemicals that were being applied to Davis Pecans' crops.

13.     Farm Bureau initially reserved its rights to decline the duty to defend and indemnify Peterson Farms against the Underlying Lawsuit.

14.     An actual, substantive and justifiable controversy exists between the parties concerning their respective rights, duties and obligations under the Policy with respect to the Underlying Lawsuit and any other causes of action that may arise out of the actions alleged in the Underlying Lawsuit.

## FACTUAL BACKGROUND

*The Insurance Policy*

15.     According to the declaration page, the Policy held by the Defendants bears the number GL0029381 and was in force during all times relevant to the Underlying Lawsuit from September 15, 2016 to September 15, 2017.

16.     The Policy lists as its insured Chuck Davis, Davis Pecans, LLC, and Chuck Davis Farms, LLC.

17.     The Policy also lists the following properties under its coverages: 3100 Acres in Little River County, Arkansas; and 200 Acres in Miller County, Arkansas.

18.  Said Policy provides in relevant part as follows:

## INSURING AGREEMENTS

...

### IV. OTHER DEFINITIONS

(a) Premises.  The unqualified word "premises" means all farms owned, occupied or controlled by the insured, any which are acquired during the policy period and reported at the first renewal, private residences, and all businesses specifically described in the declaration, and all private approaches thereto, located in the United States.  "Farm" Includes all farm structures and residences thereon.

B.  EXCLUSIONS

AGRICULTURAL DRIFT LIABILITY COVERAGES does **not** apply to:

...

5.  Physical injury to crops or animals an insured owns, rents, or borrows.

...

7.  Physical injury to crops or animals caused by or resulting from the discharge, dispersal, seepage, migration, release, or escape, by or from any aircraft of herbicides, insecticides, pesticides, fungicides, fertilizers, or other substances, including, but not limited to, substances used in spraying or crop dusting operations, by an insured, by any person or organization for whom any insured may be legally responsible, or by any contractors or subcontractors working directly or indirectly for or on behalf of any insured.

*The Underlying Lawsuit*

19.  The Underlying Lawsuit, captioned *Mud Creek Land Company, LLC, v. Davis Pecans, LLC, Chuck Davis Farms, LLC, and Garland Aviation, LLC, Civil Action No. 5:18-cv-118*, has been brought in the United States District Court for the Eastern District of Texas against

4

Davis Pecans and Davis Farms on behalf of Mud Creek. A copy of the complaint in the Underlying Lawsuit is attached hereto as Exhibit "B."

20.     Mud Creek alleged that in April of 2016 it entered into an agreement with Davis Pecans for the lease of certain land located in Bowie County, Texas.

21.     Mud Creek also alleged that Davis Pecans intended to use the leased land to grow soy beans and other crops.

22.     According to the underlying complaint, Davis Pecans also agreed to maintain the pecan orchard and harvest pecans located on the leased premises.

23.     The underlying complaint alleges that while Davis Pecans was the named lessee, Davis Farms also made payments to the Underlying Plaintiff for the leased property. According to the underlying complaint, the payments included rent and proceeds from the sale of pecans that were harvested from the leased property.

24.     The underlying complaint asserts that the pecan orchard located on the leased premises was damaged by Davis Pecans' farming operations. Specifically, Mud Creek alleged that the damage to the pecan orchard was the result of a chemical overspray.

25.     The underlying complaint asserts that on or about September of 2016, Davis Pecans and/or Davis Farms instructed Garland Agviation to spray 180 acres of soybeans on the leased property using Envy 6, Vigil, Lambda Cy, and Velomax.

## COUNT I

### DECLARATORY RELIEF

26.     Farm Bureau realleges each allegation numbered 1 to 23 as if set forth fully and completely herein.

27.     Farm Bureau is under no obligation to defend or indemnify Chuck Davis, Davis Pecans, or Davis Farms with respect to the Underlying Lawsuit for the following reasons:

a.      Coverage is barred to the extent that Chuck Davis failed to notify and/or report that Davis Pecans acquired a lease in Bowie County, Texas. The property leased by Davis Pecans, at issue in the Underlying Lawsuit, was not described nor listed in the policy declaration, and as such was not a covered premises under the Policy;

b.      Coverage is barred to the extent that the exclusion for Agricultural Drift Liability Coverages applies, where the Policy plainly excludes coverage from physical injuries resulting from damage to crops the named insured owns, rents, or borrows.

c.      Coverage is barred to the extent that the exclusion for Agricultural Drift Liability Coverages applies, where the Policy plainly excludes coverage to injuries resulting from the discharge, dispersal, seepage, migration, release, or escape, by or from any aircraft of herbicides, insecticides, pesticides, fungicides, fertilizers, or other substances, including, but not limited to, substances used in spraying or crop dusting operations, by an insured, by any person or organization for whom any insured may be legally responsible, or by any contractors or subcontractors working directly or indirectly for or on behalf of any insured.

28.     In addition to these specific provisions, other provisions of the Policy may operate to bar coverage for Davis Pecans and Davis Farms regarding the Underlying Lawsuit.

WHEREFORE, Southern Farm Bureau Casualty Insurance Company respectfully demands that judgment be entered in its favor and against Charles Davis, Jr., Davis Pecans,

Davis Farms, and Mud Creek declaring that there is no coverage under the Policy for the Underlying Lawsuit, awarding Farm Bureau its costs and fees in this matter, and awarding Farm Bureau such other relief to which it is entitled.

Respectfully submitted,

TURNER LAW FIRM
P.O. BOX 1225
CABOT, ARKANSAS 72023-1225
(501) 941-2210

ANDY L. TURNER, BAR ID #97145
KALEB M. JONES, BAR ID #16210

*Attorneys for Plaintiff,*
*Southern Farm Bureau Casualty Insurance*
*Company*