IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY                                              PLAINTIFF

v.                              Case No. 4:18-cv-4157

CHARLES DAVIS, JR. a/k/a
CHUCK DAVIS; DAVIS PECANS, LLC;
CHUCK DAVIS FARMS, LLC; and
MUD CREEK LAND COMPANY, LLC                                             DEFENDANTS

## AMENDED ORDER

On May 6, 2019, the Court entered an Order instructing Plaintiff to provide evidence of its citizenship status on the date this action was initiated. (ECF No. 28). In the final paragraph of that Order, the Court mistakenly stated that Plaintiff should provide evidence demonstrating the location of its principal place of business as of November 11, 2018. "November 20, 2018" should be substituted in place of that date. Therefore, the Court's May 6, 2019 Order (ECF No. 28) is amended to read as follows:

On November 20, 2018, Plaintiff Southern Farm Bureau Casualty Insurance Company initiated this declaratory judgment action pursuant to 28 U.S.C. § 1332, seeking a declaration of the rights and obligations of the parties under an insurance contract Plaintiff entered into with Defendant Charles Davis, Jr. In its complaint, Plaintiff pleads that it is a Mississippi corporation with a principal place of business in Little Rock, Arkansas. Plaintiff pleads further that Defendant Charles Davis Jr. is an Arkansas resident; that Defendants Davis Pecans, LLC and Chuck Davis Farms, LLC are Arkansas limited liability companies with principal places of business in Arkansas; and that Defendant Mud Creek Land Company LLC is a Texas limited liability company with a principal place of business in Texas.

On April 12, 2019, Plaintiff filed a motion for leave to amend its complaint pursuant to Federal

Rule of Civil Procedure 15, stating that it wishes to further plead the citizenship of each Defendant and correct two mistakes from its complaint: that its principal place of business is actually in Ridgeland, Mississippi, and the specific insurance policy number at issue in the case, which was incorrectly listed in the complaint. On April 26, 2018, Defendants Charles Davis Jr.; Davis Pecans, LLC; and Chuck Davis Farms, LLC (the "Davis Defendants") filed a response to the motion, contending that the Court should deny the motion because the Arkansas Secretary of State lists Plaintiff as having a principal place of business in Little Rock, Arkansas. The Davis Defendants suggest further that subject matter jurisdiction is lacking in this case because Plaintiff plead in its complaint that it has a principal place of business in Arkansas and, thus, there is not complete diversity between parties.[1]

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). If a federal court does not have subject matter jurisdiction over a given case, that case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); *Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012).

The case at bar is before the Court pursuant to 28 U.S.C. § 1332, which bestows original jurisdiction when the parties have diversity of citizenship and the amount of controversy exceeds $75,000, exclusive of interest and costs. Diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of establishing diversity jurisdiction, "a corporation shall be deemed a citizen of every State and foreign state where it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A company's principal place of business is normally located in "the place where the corporation maintains its headquarters—provided that the headquarters is the

---

[1] The Davis Defendants did not, however, file a motion to dismiss for lack of subject matter jurisdiction.

actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The existence of diversity of citizenship is determined at the time the suit in issue is instituted, not when the cause of action arose. *Blakemore v. Mo. Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

The Davis Defendants argue that Plaintiff should not be allowed to now claim a non-Arkansas principal place of business as a means of salvaging subject matter jurisdiction. In support, the Davis Defendants offer a printout from the Arkansas Secretary of State's website, which they contend shows Plaintiff's principal place of business as being in Little Rock, Arkansas. (ECF No. 26-1). The Court is not convinced, however, that this exhibit is determinative of Plaintiff's principal place of business. The Arkansas Secretary of State's online listing for Plaintiff, filed on January 1, 1987, lists its "principal address" as 10720 Kanis Road, Little Rock, AR 72211, but nowhere on the page does it explicitly list Plaintiff's "principal place of business."

The Davis Defendants are correct that Plaintiff pleaded that it is incorporated in Mississippi and has a principal place of business in Arkansas. Because Plaintiff has also pleaded that the Davis Defendants are Arkansas citizens, it appears at first blush that complete diversity does not exist. However, Plaintiff contends that its initial pleading regarding its principal place of business was a mistake, and that its actual principal place of business is in Mississippi. In support, Plaintiff provides its latest articles of incorporation that were filed with the Mississippi Secretary of State in 2015, as well as an affidavit of corporate citizenship from Lydia Warren, Senior Vice President-Legal and Secretary for Plaintiff. (ECF Nos. 27-2, 27-3). The 2015 articles of incorporation state in relevant part that Plaintiff's "statutory home office" is in Ridgeland, Mississippi. Ms. Warren's affidavit provides that Plaintiff's principal place of business is in Ridgeland, Mississippi, and states that Plaintiff's corporate records, corporate board meetings, and executive decisions are all held and/or made at its

office in Ridgeland, Mississippi.[2]

Although the Court is not willing to find the Davis Defendants' exhibit dispositive of the issue, the fact nonetheless remains that Plaintiff's operative complaint lists its principal place of business as being in Arkansas which, if true at the time this case was filed, would deprive the Court of subject matter jurisdiction and require that this case be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's evidence demonstrates that its current principal place of business is in Ridgeland Mississippi, as its corporate records, corporate board meetings, and executive decisions are now all held and/or made there, thereby making that office the actual center of direction, control, and coordination. *Hertz Corp.*, 559 U.S. at 92-93. However, diversity of citizenship is determined at the time a suit is instituted, *Blakemore*, 789 F.2d at 618, and the Court is without any evidence to determine where Plaintiff's principal place of business was located on November 20, 2018, when this case was filed.

**Accordingly, the Court will give Plaintiff until May 20, 2019, to produce evidence showing that on November 20, 2018—the date this case was filed—its principal place of business was in Ridgeland, Mississippi, rather than Little Rock, Arkansas.** If Plaintiff does so, the Court will rule on Plaintiff's motion for leave to amend. However, if Plaintiff fails to make this showing, the Court will have no choice but to dismiss this case pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

**IT IS SO ORDERED**, this 6th day of May, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] This affidavit is worded in the present tense, however, and does not shed light on whether Plaintiff's corporate records, corporate board meetings, and executive decisions were held and/or made in Mississippi at the time this case was filed.